[No. 3083.   Oct. 10, 1925.]

## STATE ex rel. HANNETT et al. v. GRAHAM, State Treasurer.

### SYLLABUS BY THE COURT

State checking depositories, designated by the state board of finance, are not entitled to receive deposits of public funds from the state treasurer until they first have security for the same, and the state treasurer is not compellable by mandamus to make such deposits until such requirements are complied with.

Appeal from District Court, Santa Fe County; Holloman, Judge.

Mandamus by the State, on the relation of A. T. Hannett and others, as members of the State Board of Finance, against Warren R. Graham, as State Treasurer. Judgment for defendant, and plaintiffs appeal. Affirmed.

J. W. Armstrong, Atty. Gen., and James N. Bujac, Asst. Atty. Gen., for appellants.

J. O. Seth, of Santa Fe, for appellee.

### OPINION OF THE COURT

PARKER, C. J. The state board of finance (appellant) brought mandamus to compel Warren R. Graham, as state treasurer (appellee), to deposit state funds in the First National Bank of Santa Fe and the First National Bank of Roswell, which banks had been designated by appellant as "checking account banks." Appellee answered the alternative writ, setting up that the said banks had not filed bonds or deposited securities for such state deposits, and that, consequently, he was not authorized to make such deposits. It was stipulated that appellee had on hand such funds available for depositing in said banks as checking accounts, and that the said banks were in all respects qualified to receive said deposits, except that they had failed to give bond or deposit securities to secure said state checking accounts. The court rendered final judgment discharging the writ of mandamus from which judgment appeal was taken and perfected.

538  SUPREME COURT OF NEW MEXICO

State ex rel. Hannett et al. v. Graham S. T., 30 N. M. 537

It is apparent that the whole question is to be determined upon the statutory provisions concerning the care and custody of the public moneys. A public moneys act was first enacted in 1915 (chapter 57, Laws 1915). Section 9 of that act provides:

"No public moneys in the custody of the state treasurer or the treasurer of any county, city or town in this state, or in the custody of any board in control mentioned in section 7, shall be deposited in any bank until such bank is qualified to receive deposits of public moneys by giving a bond or other securities as required by this act."

This provision, in the same form, was brought forward into section 8 of chapter 76, Laws 1923. Section 10 of the latter act, however, exempted checking accounts, which are therein first provided for, from the requirements of the act as to the amount of deposits allowable, the payment of interest thereon, and the giving of security therefor, but authorized the state board of finance to impose such requirements in this regard as in its discretion might be deemed advisable. At that time then no security or payment of interest was required by the banks carrying checking accounts, unless ordered by the state board of finance.

This act was amended by chapter 123, Laws 1925. Section 1 of this act reiterates the general provision in regard to security for public moneys, as follows:

"That section 8 of chapter 76 of the Session Laws of 1923, be, and the same hereby is amended to read as follows:

"Sec. 8.  No public moneys in the custody of the state treasurer or the treasurer of any county, city or town in this state, or in the custody of any board in control mentioned in section 6 hereof, shall be deposited in any bank (except as otherwise herein provided) until such bank is qualified to receive deposits of public moneys by depositing collateral security or by giving bond as provided by this act."

Section 2 of the latter act provides for the amounts and kinds of bonds and securities which may be received for this purpose. Section 3 of the latter act amends section 10 of chapter 76, Laws 1923, in several particulars. It creates the office of fiscal agent of the state, and provides for the appointment of ·a bank as

JANUARY TERM, 1925     539

State ex rel. Hannett et al. v. Graham S. T., 30 N M. 537

such agent, and requires a bond or securities in the sum of $250,000, and exempts deposits up to $150,000 from the payment of interest, by way of compensation for the services of such fiscal agent in attending to the business of the state. Then appears the following:

"The state board of finance may also designate not more than two other banks doing business in this state as state checking depositories in which moneys necessary to meet the current obligations of the state may be deposited as temporary checking accounts. No bank shall be $s_0$ designated unless it has an unimpaired capital and surplus of at least $150,000.00; and not more than 20 per cent. of all money of the state on hand shall be on deposit in all such checking accounts and the checking account with the fiscal agent for a time longer than may be required to distribute the moneys in excess of such percentage to qualified depository banks applying therefor. Nothing herein contained shall prevent any bank so designated as a state checking depository from also qualifying as a state depository under the provisions of this act."

The following provision of section 10 of chapter 76, Laws 1923, is omitted, namely:

"Such checking accounts shall not be subject to the requirements of this act relative to the amount of deposits, the payment of interest thereon and the giving of security, but said board shall make such requirements as to the handling of said checking accounts, the giving of security therefor and the payment of interest thereon as in its discretion may be deemed advisable; and provided that nothing herein contained shall prevent any bank as so designated as a state clearing depository from also qualifying as a state depository under the provisions of this act."

This omission clearly indicates the legislative intention to depart from the former plan of exemption of checking accounts from the requirements in regard to security for the same, and to put them into the same class with other deposits of public money. It is equivalent to saying that checking accounts shall no longer be exempt from interest charges and security as they formerly had been.

There is another consideration which is persuasive in this matter. It has long been the public policy of the state, as declared by its legislation, to require security from depositories having the custody of the

public funds of the state. That this is a wise public policy, calculated to safeguard the interests of the state, is not to be questioned. Before the public moneys are to be placed in the hands of private institutions without security, there should be a plain legislative declaration to that effect. It would be a departure from sound business practices, which could be justified only in such cases as in the discretion of the Legislature might seem to be required or to be expedient. Until the Legislature has so declared in unequivocal terms there would seem to be no just reason to add to the statute by interpretation what the Legislature has failed to make plain.

The argument of the Attorney General, if we understand it, is to the effect that because the Legislature did not provide in terms for the giving of security for the checking accounts that none is required. This is an incorrect way of approaching the subject it seems to us. With section 1 of the Act of 1925 providing for the giving of security for all public moneys, it would seem to require some specific provision exempting checking accounts before that condition of affairs could result, the general policy of the state being to require security for all public moneys. That the interpretation of the statute is not free from difficulty is to be admitted. But in the interest of the safety of the public funds of the state, we deem this conclusion justifiable and required. In this connection it may be said that no doubt the public funds deposited in these two checking account banks would be as safe without security as with it. but that is not the question. The question is whether funds in checking accounts have been exempted from the requirement of security, and we hold that they have not.

It follows from all of the foregoing that the judgment of the district court was correct, and should be affirmed, and it is so ordered.

BICKLEY and WATSON, JJ., concur.